IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC FRITZ,<br><br>                Plaintiff,<br><br>    v.<br><br>MSK MANAGEMENT LLC d/b/a<br>DOMINO'S PIZZA,<br><br>                Defendant. | CIVIL ACTION<br>NO. 25-1079 |

**OPINION**

**Slomsky, J.**                                                                                                                              **June 26, 2025**

## I.     INTRODUCTION

Before the Court is Plaintiff's Motion to Strike the Third and Fourth Affirmative Defenses in Defendant's Answer to Plaintiff's Complaint. (Doc. No. 6.) Upon consideration of the pleadings, the Motion, Defendant's Response in Opposition (Doc. No. 7), and Plaintiff's Reply (Doc. No. 9), and for the reasons noted below, the Motion (Doc. No. 6) will be denied.

## II.    BACKGROUND

### A.     Facts

Plaintiff Eric Fritz ("Plaintiff"), who is deaf, applied online through Indeed.com for the General Manager in Training position at MSK Management LLC d/b/a Domino's Pizza ("Defendant" or "Domino's"), a position for which he was qualified. (Doc. No. 1 at 4, 7.) Defendant ignored Plaintiff's request for a video relay service interview, insisting on an in-person interview, for which Plaintiff's requested an American Sign Language ("ASL") interpreter, a request that was also ignored by Defendant. (Id.) When Plaintiff inquired again about the position, Defendant said it had been filled; but Plaintiff saw from the job posting on Indeed.com that was

1

still available. (Id.) In the Complaint, Plaintiff alleges that Defendant engaged in disability discrimination by failing to accommodate his hearing disability and then by failing to hire Plaintiff, in violation of the Americans With Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA").[1] (Id. at 5.)

### B. Answer and Affirmative Defenses

In its Answer, Defendant denies that it rejected any request for an accommodation by Plaintiff. (Doc. No. 5 at ¶ 33.) Defendant asserts that instead of hiring an outside applicant it "promoted a current employee who was interested and who was highly qualified for the job." (Id. at ¶ 38.) Defendant further avers that "Plaintiff's alleged disability was not a factor in why [Defendant] filled the General Manager In Training position before he was able to arrange an in-person interview with Plaintiff." (Id. at ¶ 40.) Defendant asserts thirteen (13) affirmative defenses, including the following, which are the focus of the Motion to Strike:

> **THIRD AFFIRMATIVE DEFENSE**
> Immediately after Defendant's representative informed Plaintiff that he hired a highly qualified internal candidate for the General Manager In Training position prior to being able to arrange an interview with Defendant, Plaintiff threatened to file a charge of discrimination with the Equal Employment Opportunity Commission.
>
> **FOURTH AFFIRMATIVE DEFENSE**
> Plaintiff has a long history of threatening to sue, and actually suing, companies for disability discrimination regardless of whether his claims have merit, as evidenced by the fact that Plaintiff has filed no less than four (4) other ADA lawsuits since 2017.

(Doc. No. 5 at 10–12.)

---

[1] On or about October 19, 2022, Plaintiff filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") and cross-filed with Equal Employment Opportunity Commission ("EEOC") alleging acts of discrimination. On June 24, 2024, the PHRC issued a Finding of Probable Cause. On or about December 2, 2024, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff has attached these documents to the Complaint and thus complied with prerequisites for commencement of this action. (Doc. No. 1 at ¶¶ 19, 20, 21; Ex. "2" and Ex. "3.")

### III.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(f), upon a motion by either party, the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The purpose of a Rule 12(f) motion to strike is to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters." United States v. Educ. Mgmt. Corp., 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012).  A matter is immaterial if it has no essential or important relationship to the claim for relief.  Nelson v. Bender, No. 3:15-64, 2015 WL 8207490, at *4 (W.D. Pa. Dec. 7, 2015) (quotation marks and citation omitted).  "In addition, a court should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.'" Cipollone v. Liggett Grp., Inc., 789 F.2d 181, 188 (3d Cir. 1986); see also Dann v. Lincoln Nat. Corp., 274 F.R.D. 139, 143 (E.D. Pa. 2011) (noting that the insufficiency cannot depend on disputed facts).

"An affirmative defense need not be plausible to survive; it must merely provide fair notice of the issue involved." Tyco Fire Prods. LP v. Victaulic Co., 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011); Fed. R. Civ. P. 8(c)(1) (requiring only that a party "affirmatively state" any affirmative defense).

Although courts possess considerable discretion in disposing of a motion to strike under Rule 12(f), "striking a pleading is a 'drastic remedy' to be used sparingly because of the difficulty of deciding a case without a factual record." BJ Energy LLC v. PJM Interconnection, LLC, No. CIV.A. 08-3649, 2010 WL 1491900, at *1 (E.D. Pa. Apr. 13, 2010) (quoting. N. Penn Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 158 (E.D. Pa. 1994)).

IV.     ANALYSIS

   A.     **Affirmative Defenses Three and Four Relate to the Controversy and Present No Convincing Prejudice or Confusion**

Because Plaintiff does not demonstrate that Affirmative Defenses Three and Four are either not relevant here or that they carry "convincing prejudice or confusion," these defenses will not be stricken.

"Motions to strike [affirmative defenses] . . . are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." N. Penn Transfer, Inc. 859 F. Supp. at 158 (quotation marks and citation omitted).  However, "[a]n affirmative defense can be stricken as insufficient if it:  1) could not possibly prevent recovery under any pleaded or inferable set of facts, and 2) its continuing presence in the pleadings would prejudice the adverse party." Figaro v. Simon, No. 3:14-CV-06447 FLW, 2015 WL 4171910, at *3 (D.N.J. July 9, 2015) (quoting F.T.C. v. Hope Now, LLC, Civ. No. 09-1204 (JBS/JS), 2011 WL 883202, at *4 (D.N.J. Mar.10, 2011).

Here, Plaintiff contends that Defendants' Third and Fourth Affirmative Defenses should be stricken because they "bear no possible relation" to the controversy and cause prejudice to Plaintiff by "confus[ing] the issues." (Doc. No. 6-1 at 2, 4 (citing N. Penn Transfer, Inc. 859 F. Supp. at 158).)

In contrast, Defendant convincingly argues that Plaintiff's own statements and actions surrounding the instant claim of employment discrimination and similar actions in the past are relevant to this case. (Doc. No. 7 at 3.)  Defendant states that "Plaintiff's immediate reaction was to threaten to file a disability discrimination charge . . . [and] combined with Plaintiff's history of repeatedly filing disability discrimination claims whenever he has not been selected for a job,

4

[Affirmative Defenses Three and Four are] highly pertinent to the factfinder's assessment of the merits of Plaintiff's current action." (Id. at 4.)

Plaintiff further asserts that Defendant's Third and Fourth Affirmative Defenses are "legally insufficient" because they "could not possibly prevent recovery" and are "not recognized as a defense to the cause of action." (Doc. No. 6-1 at 4 (citing F.T.C., 2011 WL 883202, at ** 2, 4).) Plaintiff, however, does not consider that if facts came to light later in the litigation that Plaintiff had a history of making false accusations of employment discrimination and that his first impulse when denied employment is to threaten a charge or a lawsuit, then this may allow a factfinder to draw an inference that this action also lacks merit. In that sense, Affirmative Defenses Three and Four may prevent recovery.

Plaintiff relies on F.T.C. for the proposition that "[a]n affirmative defense which, even if accepted as true, could not possibly prevent recovery, can be stricken. (Id. (citing F.T.C., 2011 WL 883202, at *4.) But in context, the court in F.T.C. noted that "an affirmative defense can be stricken only if the defense asserted could not possibly prevent recovery <u>under any pleaded or inferable set of facts</u>." F.T.C., 2011 WL 883202, at *2 (emphasis added) . While the accusation that Plaintiff has made questionable accusations of discrimination in other employment contexts and may have done so hastily in the instant matter could be prejudicial to Plaintiff's case if proven false, these accusations could also be highly relevant if proven true.

### B.  Affirmative Defenses Three and Four Raise Disputed Fact Issues

Because the sufficiency of Affirmative Defenses Three and Four depends on issues of fact that are in dispute, it is not appropriate to strike them. In order for the insufficiency of the defense to be "clearly apparent," it must be obvious and not be dependent on issues of disputed facts. Dann, 274 F.R.D. at 143. "A 'motion to strike will not be granted where the sufficiency of a defense depends on disputed issues of fact. Even when the facts are not in dispute, Rule 12(f) is

5

not meant to afford an opportunity to determine disputed and substantial questions of law.'" Id. at 143 (quoting N. Penn Transfer, 859 F. Supp. at 159). Again, if the facts asserted in Affirmative Defenses Three and Four are shown to be false, they would be prejudicial to Plaintiff, but if they are shown to be true, the statements could also be helpful to the factfinder in deciding on the sufficiency of the evidence.

    **C.    Affirmative Defenses Three and Four Provide Fair Notice of Defendant's Theory of the Case and Develop the Factual Record**

Because Affirmative Defenses Three and Four give "fair notice of the issue involved," they are adequately pled. See Tyco Fire, 777 F. Supp. 2d at 900. In Tyco Fire, a patent holder filed an infringement suit against a sprinkler manufacturer, and the defendant's affirmative defense "provid[ed] Plaintiff with notice that Defendant anticipate[d] defending [the] suit on grounds of [the] invalidity [of the underlying patents], the details of which Plaintiff can flesh out through discovery. 777 F. Supp. 2d at 893, 903.[2] Similarly here, by stating that Defendant believes that Plaintiff has made potentially meritless complaints similar to the one in this case, and that his first instinct when he is not chosen for a position is to take administrative or legal action, Defendant is putting Plaintiff on notice that it intends to argue that Plaintiff made a rash and unsubstantiated decision to file suit in this case, the details of which could be fleshed out in discovery.

The principle that the insufficiency of an affirmative defense should be "clearly apparent" rests on a concern that a court should restrain from evaluating the merits of a defense where . . . the factual background for a case is largely undeveloped. Cipollone, 789 F.2d at 188. Here, Defendant convincingly argues that it "should not be prohibited from exploring these facts during discovery merely because they reflect unfavorably on Plaintiff." (Doc. No. 7 at 4.)

---

[2] The Tyco court ended up striking the affirmative defense as redundant, but that is not relevant to the analysis here. See Tyco Fire Prods. LP v. Victaulic Co., 777 F. Supp. 2d 893, 903 (E.D. Pa. 2011).

## V. CONCLUSION

For all of these reasons, Plaintiff's Motion to Strike the Third and Fourth Affirmative Defenses in Defendant's Answer to Plaintiff's Complaint (Doc. No. 6) will be denied. An appropriate Order follows.